UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATESHA DONYALE LAWSON                                          PETITIONER

V.                                    CIVIL ACTION NO. 3:25-CV-283-KHJ-RPM

COMMISSIONER BURL CAIN                                          RESPONDENT

ORDER

This matter is before the Court on Petitioner LaTesha Donyale Lawson's ("Lawson") [1] Petition for Writ of Habeas Corpus, Respondent Commissioner Burl Cain's ("Cain") [10] Motion to Dismiss, and Magistrate Judge Robert P. Myers Jr.'s [16] Report and Recommendation. The Court adopts the [16] Report, grants the [10] Motion, and dismisses the [1] Petition with prejudice. The Court also construes Lawson's [17] Motion for Equitable Tolling as an objection to the [16] Report, overrules the objection, and finds as moot the [17] Motion.

I.   Background

In 2019, Lawson pled guilty in Mississippi state court to carjacking, aggravated assault, armed robbery, and credit card fraud. Pet. [1] at 1. Despite her guilty plea, Lawson sought state-court post-conviction relief from her conviction and sentence. *See* R. & R. [16] at 1, 3–4 (describing post-conviction proceedings). The Mississippi courts rejected her efforts, and she remains in custody of the Mississippi Department of Corrections. *Id.* at 1.

Now in this federal habeas case Lawson claims her pretrial detainment and indictment were unlawful, and her plea counsel was ineffective. [1] at 5–7. She asks this Court to "overturn and dismiss" her case or "pardon [her] for time served." *Id.* at 15. Cain moved to dismiss Lawson's [1] Petition, arguing that her claims are time-barred and procedurally defaulted. Mot. to Dismiss [10] at 1.

On January 23, 2026, Magistrate Judge Myers issued the [16] Report recommending that the Court grant Cain's [10] Motion and dismiss Lawson's [1] Petition with prejudice as time barred. [16] at 5. Written objections to the [16] Report were due by February 6, 2026. *Id.* at 5–6.

On February 4, 2026, Lawson filed her [17] Motion asking the Court to excuse the [1] Petition's untimeliness under the equitable tolling doctrine. [17] at 1–4. Given Lawson's pro se status, the Court liberally construes the [17] Motion as an objection to the [16] Report.

II.  Standard

When a magistrate judge issues proposed findings of fact and recommendations for resolving a motion, "any party may serve and file written objections to such proposed findings and recommendations" within 14 days after being served a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The district judge reviews de novo any part of a report and recommendation to which a party objects. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1). A clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review governs the remaining portions. *Wilson*, 864 F.2d at 1221. After review, the

district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court adheres to some general rules when evaluating a report and recommendation. First, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). Second, a petitioner cannot "raise a factual objection by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (citation modified). Third, the Court need not consider "frivolous, conclusive[,] or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (citation modified). Nor must it "reiterate the findings and conclusions of the magistrate judge" when ruling on a report and recommendation. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

III.  Analysis

The Court first resolves Lawson's [17] Motion by construing it as an objection to the [16] Report and overruling it. Then the Court adopts the [16] Report, grants Cain's [10] Motion, and dismisses Lawson's [1] Petition.

A.  Equitable Tolling

Lawson's [17] Motion/Objection invokes the equitable tolling doctrine to excuse her [1] Petition's delinquency. [17] at 1–3. Lawson's plea is unpersuasive.

At the outset, Lawson mostly regurgitates old arguments. Like she did in the [1] Petition, Lawson complains about the pretrial process, her attorney's

ineffectiveness, and her sentencing. *See* [17] at 1–3. These are not valid objections. *Edmond*, 8 F.3d at 293 n.7 (explaining that a petitioner "[does] not raise a factual objection by merely reurging arguments contained in the original petition.").

Even putting that aside, Lawson's objection does not demonstrate the [16] Report was wrong. The [16] Report considered whether equitable tolling could spare Lawson's habeas claims. [16] at 4–5. And, after explaining the legal standard and considering Lawson's post-conviction relief efforts, the [16] Report concluded Lawson was ineligible for tolling:

> Lawson has not shown that she diligently pursued her rights. For example, although her sentencing order was entered May 2, 2019, and the order denying PCR was entered November 8, 2019, she waited until April 2022 to seek an out of time appeal from the trial court's denial of her PCR. [9-3] at 81. Nor has Lawson alleged she was actively misled or prevented in some extraordinary way from asserting her rights. Her pro se status, ignorance of the law, unfamiliarity with the legal process, and limited access to legal research do not constitute extraordinary circumstances to justify equitable tolling. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992); *McIntyre v. Quarterman*, No. 3-09-cv00574-B, 2009 WL 1563516, at *3 (N.D. Tex. June 2, 2009); *Smith v. Mississippi*, No. 3:24CV139-MPM-RP, 2025 WL 2740389, at *2 (N.D. Miss. Sept. 25, 2025) ("all inmates in MDOC custody have access to legal assistance, case law, and other legal materials during their incarceration.").

[16] at 4–5.

Now Lawson alleges she "had no access to legal assistance, case law nor other legal materials" from July 13, 2019, through July 31, 2020. [17] at 1. Having construed this as an equitable tolling objection, the Court reviews de novo the [16] Report's equitable tolling analysis. 28 U.S.C. § 636(b)(1). Even under de novo review, Lawson's equitable tolling argument fails.

4

"Equitable tolling is a discretionary doctrine that turns on the facts and circumstances of a particular case." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (citation modified). Generally, "equitable tolling is warranted in only rare and exceptional circumstances." *Id.* (citation modified). A habeas petitioner qualifies for equitable tolling if he proves "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Lawson has not shown diligence or extraordinary circumstances that excuse her late filing. After pleading guilty, Lawson did make some early attempts at state post-conviction relief, but she did so inconsistently and apparently disregarding state procedural rules. *See* [16] at 4 n.3 (summarizing state post-conviction efforts). And it took Lawson nearly six years after her guilty plea to seek federal habeas relief. [1] at 1. She does not allege any extraordinary circumstances prevented her from timely filing. She simply attacks her trial attorney's effectiveness and suggests she sometimes suffered health issues and lacked access to legal materials. [17] at 1, 3. The Court finds these are "garden variety" allegations that do not support equitable tolling. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (inability to access legal materials is not a "rare and exceptional" circumstance warranting equitable tolling); *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992) (ignorance of the law does not excuse untimely filing); *Smith v. Kelly*, 301 F. App'x 375, 377 (5th

Cir. 2008) (conclusory mental health allegations do not automatically toll limitations period).

Even more, Lawson's lack-of-access argument focuses on July 13, 2019 through July 31, 2020, part of which the [16] Report already excused under statutory tolling. [16] at 2–3. Lawson never explains why she waited several more years to seek federal habeas relief. *See id.* at 3 (explaining how Lawson filed her federal habeas petition well after a tolled deadline of November 8, 2020).

In short, the Court has undertaken a de novo review of the [16] Report's equitable tolling analysis and Lawson's objection and finds the objection lacks merit. The Court overrules the objection and finds the [17] Motion moot.

B.  The [16] Report

The rest of the [16] Report is not clearly erroneous, an abuse of discretion, or contrary to law. The Court adopts the [16] Report as its opinion of this Court.

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS the [16] Report, GRANTS the [10] Motion, FINDS AS MOOT the [17] Motion, and DISMISSES the [1] Petition with prejudice. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 5th day of March, 2026.

                                                  s/ *Kristi H. Johnson*
                                                  UNITED STATES DISTRICT JUDGE